| | |
|---|---|
| **DONALD STILES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **ORDER** |
| ) | |
| **GINA NORWOOD, Attorney at Law,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28

U.S.C. § 1915(e), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP Application"),

(Doc. No. 2).

## I.     BACKGROUND

Pro se Plaintiff Donald Stiles is a North Carolina prisoner incarcerated at Alexander

Correctional Institution in Taylorsville, North Carolina.  On May 21, 2013, Plaintiff was convicted

in Haywood County of first-degree sexual offense with a child.[1]  In this civil rights complaint

brought under 42 U.S.C. § 1983, Plaintiff has named as the sole Defendant attorney Gina Norwood,

whom Plaintiff identifies as his court-appointed attorney in his underlying state criminal

proceedings.  In the Complaint, Plaintiff essentially alleges that Norwood was ineffective as

counsel in representing him in his underlying criminal proceedings, in violation of his Sixth

---

[1] Plaintiff states in his Complaint that he filed a motion for appropriate relief ("MAR") in
Haywood County Superior Court based on counsel's ineffective assistance of counsel, and that
the state court granted the MAR, with Plaintiff later taking a "better plea because his lawyer
never did give him his right to representation at all."  (Doc. No. 1 at 3).

Amendment right to effective counsel.

## II.     STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.    DISCUSSION

The court will dismiss this action with prejudice because Defendant Norwood is not a proper defendant in this Section 1983 action. It is well established that an attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983.[2] See Polk Cnty. v. Dodson, 454 U.S. 312 (1981); see also Davidson v. Ratliff, No. 4:11-1072-RBH-SVH, 2011 WL 3678679, at *2 (D.S.C. June 3, 2011) (private counsel was not acting under color of state law under

_____

[2] Furthermore, to the extent that Plaintiff seeks damages or a reversal of his conviction based on the alleged ineffective assistance of defense counsel, this action would also appear to be barred by Heck v. Humphrey, in which the Supreme Court held that a plaintiff cannot receive damages or equitable relief though a Section 1983 action for an allegedly unconstitutional conviction without first having that conviction reversed, expunged, or called into question by a writ of habeas corpus. 512 U.S. 477, 486-87 (1994).

42 U.S.C. § 1983).

## IV.    CONCLUSION

For the reasons stated herein, this action is subject to dismissal because it appears to be barred by <u>Heck</u> and, in any event, Plaintiff cannot bring a Section 1983 action against Defendant Norwood.

**IT IS, THEREFORE, ORDERED** that:

1.    This action is dismissed with prejudice on initial review under 28 U.S.C. § 1915(e).

2.    Plaintiff's IFP Application, (Doc. No. 2), is **GRANTED** for the limited purpose of this review.

3.    The Clerk is directed to terminate this action.

Signed: April 11, 2016

Frank D. Whitney
Chief United States District Judge

-3-